# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 7:14-CR-00028-002 |
| Juan Gabriel Pecina ) | |
| ) | USM No: 97459-020 |
| Date of Original Judgment: 01/20/2015 ) | |
| Date of Previous Amended Judgment: N/A ) | Nicole Williams |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of  ☐ the defendant  ☐ the Director of the Bureau of Prisons  ☒ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  168  months **is reduced to**  151 .

At the time he was sentenced, Pecina's criminal history subtotal was three (3). As he was under a criminal justice sentence at the time he committed the instant offense, two (2) points were added yielding a total score of five (5). This resulted in a Criminal History Category of III. However, retroactive Amendment 821, Part A of the *United States Sentencing Guidelines* allows defendants with seven (7) or more criminal history points to receive one (1) point for being under a criminal justice sentence rather than two (2); defendants with fewer than seven (7) criminal history points do not receive any additional points. Therefore, Pecina would not receive any additional points for being under a criminal justice sentence under the amended guidelines. Consequently, his total criminal history score would be three (3), his Criminal History Category would be II, and his advisory guideline sentencing range would be 151 to 188 months. The government concurs with this assessment and recommends a sentence at the bottom of the newly calculated range. The Court reduces the imprisonment portion of his sentence to 151 months. The sentence shall still be served concurrently to any sentence imposed in the 16th Judicial District of St. Martin Parish, Louisiana, Case No. 09-237324 for probation revocation.

Except as otherwise provided, all provisions of the judgment dated  01/20/2015  shall remain in effect.
**IT IS SO ORDERED**.

| | |
|---|---|
| Order Date:  2/12/2024 | s/Hugh Lawson |
| | *Judge's signature* |
| Effective Date:  2/12/2024 | Hugh Lawson, Senior U.S. District Judge |
| *(if different from order date)* | *Printed name and title* |